UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
JUL 08 2014

PER _____
DEPUTY CLERK

DANNY ROSS,

    Petitioner

v.  :  CIVIL NO. 3:CV-14-0823

S. SPAULDING, et al,  :  (Judge Kosik)

    Respondents

## MEMORANDUM

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Danny Ross ("Ross"), an inmate currently incarcerated at the Federal Correctional Institution at Allenwood (FCI-Allenwood), Pennsylvania. Ross is challenging the Federal Bureau of Prisons' ("BOP") calculation of his federal sentence. Specifically, he claims that the BOP failed to properly calculate his federal sentence, because the sentencing court imposed his federal sentence to be concurrent to a Massachusetts state sentence. (Doc. No. 1, Pet. at 2-3.) Service of the petition was directed, and a response thereto was filed on June 20, 2014. (Doc. No. 6.) No traverse was submitted by Ross. The petition is now ripe for disposition and, for the reasons that follow, will be transferred to the District of Massachusetts.

## I. Background

On June 7, 2005, Massachusetts authorities arrested Ross on drug charges. (Doc. 8, Ex. 1, Johnson Decl. ¶ 5; Attach. 1.) The same day, the Hampden County Superior Court in Springfield, Massachusetts sentenced Ross to an 18-month term of imprisonment for possession of cocaine with the intent to distribute, and a consecutive 24-month term for a drug violation occurring near a school/park. (Id. at ¶ 6; Attach. 2.)

On June 29, 2005 and September 5, 2006, the United States Marshals Service ("USMS") temporarily borrowed Ross from Massachusetts state authorities pursuant to a writ of habeas corpus ad prosequendum. (Id. ¶ 7; Attach. 3). Ross was returned by the USMS to state custody each day. (Id.)

On September 5, 2006, Ross was sentenced to a 156-month term of incarceration by the United States District Court for the District of Massachusetts for the distribution and possession with intent to distribute cocaine base. (Id. ¶ 8; Attach. 4.) The Judgment indicates the sentencing court ordered the sentence to be served concurrently with the state sentence. (Id.) The USMS returned Ross to state custody that day. (Doc. 8, Attach. 3.)

On August 7, 2007, Ross was released by Massachusetts authorities on parole and turned him over to federal authorities. (Doc. 8, Ex. 1 at ¶ 9; Attachs. 3, 5.) The USMS assumed primary custody of Ross on this date to serve the remainder of his

2

156-month federal sentence. (Id.)

BOP officials computed Ross' 156-month federal sentence as commencing on September 5, 2006, the date of his sentencing in the District of Massachusetts. (Doc. 8, Ex. 1 ¶ 10; Attach. 6.) He was not eligible for prior custody credit. (Id.) His projected release date is January 24, 2018, via good conduct time release. (Id.) BOP officials did not credit Ross for the time he spent in Massachusetts custody prior to federal sentencing, because Massachusetts officials credited that time toward the service of his state sentence. In addition, Ross was not credited toward his federal sentence with the two days he was borrowed by the USMS pursuant to a writ of habeas corpus ad prosequendum because those days were also credited toward the service of his state sentence. (Id.)

## II. Discussion

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, see Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Thus, Ross has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP and has done so in the proper district, where he is imprisoned. Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all

offenses committed after November 1, 1987, 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329, 331-32 (1992), and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96. Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled. Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

### A. Commencement of Sentence

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In determining the commencement of a sentence, it is therefore clear that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody...." 18 U.S.C. § 3585(a). "As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed. See United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998)." Taylor v. Holt, 309 F. App'x 591, 592-93 (3d Cir. 2009). Further, a concurrent sentence commences on the date of its imposition, not on the date of commencement of the prior sentence or some earlier date. Id. (citing Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983).

In determining the commencement date of a federal sentence under 18 U.S.C. §

4

3585(a), the Court must first address whether the defendant was in primary federal or primary non-federal custody at the time the federal sentence was imposed. If he was in primary federal custody, the federal sentence will commence upon imposition. See 18 U.S.C. § 3585(a). However, if the defendant was in primary non-federal custody at the time the federal sentence was imposed, the BOP must determine whether the federal sentencing court expressly indicated its intent as to whether the federal sentence should run concurrently to or consecutively with the non-federal sentence. See 18 U.S.C. § 3584(a). Pursuant to 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

A federal sentence does not begin to run when a federal defendant is produced from state custody pursuant to a federal writ of habeas corpus ad prosequendum, because the state authorities retain primary custody over the prisoner. Chambers, 920 F. Supp. at 622. The prisoner is not considered to be "in custody" when he appears in federal court pursuant to a writ ad prosequendum. Rather, he is merely "on loan" to federal authorities. See Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)). The jurisdiction which first arrested the offender has primary jurisdiction over him until that sovereign relinquishes it to another jurisdiction by, for example, bail release, dismissal of state charges, parole release, or expiration of the state sentence. Taylor v. Reno, 164 F.3d 440 (9th Cir. 1998); Chambers, 920 F. Supp. at 622. As

5

such, the time Ross spent in the custody of the USMS pursuant to a writ (June 29, 2005 and September 5, 2006) cannot be credited to his federal sentence. Rather, Ross remained in the primary custody of Massachusetts authorities until the USMS assumed primary custody of him on August 7, 2007, to serve the remainder of his 156-month federal sentence.

### B. Sentence credit

The second inquiry to be made in computing Ross' federal sentence is to determine the amount of credit, if any, for time spent in custody prior to the commencement of the federal sentence. With respect to the issue of prior custody credit, it is the BOP and not the sentencing court which determines if jail credits should be granted towards a federal sentence. United States v. Wilson, 503 U.S. 329, 333-35 (1992). A federal defendant is entitled under certain circumstances to "jail time credit" as governed by 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b)(emphasis added). "Congress made clear that a defendant could

6

not receive a double credit for his detention time." Wilson, 503 U.S. at 337. When calculating credit for time accrued in custody "[t]he BOP may not give credit for time spent in state custody prior to sentencing in a federal case because 18 U.S.C. § 3585(b) prohibits this double credit." Taylor, 309 F. App'x at 593 (citing Wilson, 503 U.S. at 337). See also Chambers, 920 F. Supp. at 622. Section 3585(b) authorizes credit for time served only if the time has not already been credited towards another sentence.

In this case, Ross is not entitled to a credit for time served toward his state sentence before the imposition of his federal sentence on September 5, 2006 because all of that time was credited toward the service of his state sentence, and his federal sentence cannot commence before the date it was imposed. See Taylor v. Holt, 309 F. App'x 591, 592-93 (3d Cir. 2009). Although state officials turned Ross over to federal officials upon the satisfaction of his state sentence on August 7, 2007, BOP officials computed the 156-month sentence to commence on September 5, 2006, the date of sentencing by the District of Massachusetts. (Doc. 8, Ex. 1 ¶ 10; Attach. 6, Sentence Monitoring Computation Data.) He was not provided with any credit for the time spent in Massachusetts state custody prior to federal sentencing because that time was credited by Massachusetts authorities to Ross' state sentence. He also cannot be awarded credit on his federal sentence for the 2 days he was in USMS custody pursuant to a writ ad prosequendum, because this was temporary federal

custody that was also credited to his state terms. As such, up to this point it would appear that the BOP's calculation of Ross' federal sentence would be correct.

In this case, "[Ross'] federal sentence could not have commenced any earlier than the date it was imposed, unless the sentencing court had expressly intended that the sentence be retroactively concurrent with the state sentence." Stackpole v. Williamson, No. 3:CV-07-0396, 2007 WL 2207866, *4 (M.D. Pa. July 30, 2007)(Vanaskie, J.) The sentencing court's directives are critical to determining what type of credit Ross is entitled to receive by virtue of the concurrent sentence. Rios v. Wiley, 201 F.3d 257, 264 (3d Cir. 2000).

In his federal habeas petition, Ross appears to ask this court to designate his federal sentence to be fully retroactive to the commencement date of his Massachusetts state sentence on June 7, 2005. (Doc. 1, Pet. at 4.) He attaches an excerpt from his sentencing transcript to his petition. (Id. at 13.) From this submission, the sentencing judge clearly stated, "You will get a credit for any time that you've already been in jail." However, the portion of the sentencing transcript provided by Ross is insufficient to demonstrate whether the sentencing judge was referring to a credit for time served pending adjudication of his criminal case, or whether he intended to impose a fully retroactive concurrent designation pursuant to U.S.S.G. § 5G1.3(c).

Respondents have informed the court that the United States District Court for

the District of Massachusetts has sealed Ross' sentencing transcript and there are no documents on the criminal docket to shed light as to the sentencing court's intent. See United States v. Ross, No. 05-CR-30033 (D. Mass., Dec. 3, 2007)(Sentencing Transcript Docs. 43, 45.) This has been verified by accessing the Public Access to Court Electronic Records ("PACER'), see https://pacer.login.uscourts.gov.

A sentencing court has authority under U.S.S.G. § 5G1.3(c) to "adjust" a sentence and order a federal sentence to be fully and retroactively concurrent to a state sentence the defendant was already serving. See Ruggiano v. Reish, 307 F.3d 121, 131-33 (3d Cir. 2002). This authority is distinct from the BOP's authority under 18 U.S.C. § 3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same. The adjustment that the sentencing court exclusively can award under § 5G1.3(c) is a sentence reduction designed to account for time spent in custody on a prior conviction, as opposed to the credit the BOP exclusively awards under § 3585(b) that accounts for time served in detention prior to the date the federal sentence commences. See id.

The intent of the sentencing court is critical to the disposition of the pending federal habeas petition wherein Ross is claiming he is entitled to a fully retroactive concurrent designation pursuant to § 5G1.3(c). To undertake this examination, it is necessary to review the sentencing record, however the sentencing transcript in Ross' federal criminal action has been sealed. Accordingly, to properly dispose of this case,

9

the most efficient course of action is to direct that this case be transferred to the sentencing court to allow it to provide clarification as to its intent. This approach is consistent with 28 U.S. C. § 1404(a), which states as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The Court may apply "traditional venue considerations," including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94 (1973). This court has followed this course of action in other cases where an inquiry into the sentencing court's intent was necessary to properly dispose of a petition. See Stover v. Sniezek, Civil No. 1:10-CV-1213, 2010 WL 3220318, at *5-6 (M.D. Pa. Aug. 12, 2010)(Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, at *4 (M.D. Pa. April 14, 2008)(Munley, J.).

Accordingly, in the interests of judicial economy and for the convenience of the parties, the court will direct that this case be transferred to the United States District Court for the District of Massachusetts in order to ensure that the BOP's computation of Ross' sentence is consistent with the sentencing court's intent. An appropriate order follows.